# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYAN L. HILL,                                  )      Case No. 1: 03-cv-6903 REC TAG
                                                )
            Plaintiff,                    )      (Consolidated with 1:04-cv-5598 REC TAG)
                                                )
            v.                            )      ORDER REGARDING PLAINTIFF'S
                                                )      MOTION TO COMPEL PRODUCTION
GORDON R. ENGLAND, Secretary of                 )      OF DOCUMENTS (Doc. 52)
the Navy,                                       )
                                                )
            Defendant.                    )
_____ )

## Summary of the Pleadings

This litigation involves two employment discrimination cases in which Bryan
L. Hill ("Plaintiff") is appearing pro se. The cases are: Bryan L. Hill v. England, 1:03-cv-6903
REC TAG; and Bryan L. Hill v. England, 1:04-cv-5598 REC TAG. The two cases have been
related, and Defendant filed a motion to consolidate the cases. The motion to consolidate the cases
was granted. Bryan L. Hill v. England, 1:03-cv-6903 REC TAG is now consolidated with Bryan L.
Hill v. England, 1:04-cv-5598 REC TAG, for all purposes as one action, and Bryan L. Hill v.
England, 1:03-cv-6903 REC TAG, is the lead case number.

## Factual Background

Plaintiff was employed as a civilian with the Navy from October 1970 to March 2003, when
he was terminated. At the time of his termination, Plaintiff was the Operations Manager within the
Information Technology Information Management Department at China Lake facility of the Naval

1  Air Warfare Center Weapons Division of the U.S. Navy.  As a result of his termination, Plaintiff

2  alleges claims under Title VII, 42 U.S.C. § 2000e-16, the Rehabilitation Act, 29 U.S.C. § 794, and

3  the Age Discrimination in Employment Act, 29 U.S.C. § 633a.  Specifically, Plaintiff alleges: (a) he

4  had a disability within the meaning of the Rehabilitation Act, namely, anxiety and depression created

5  by having to work for certain supervisors, was denied a requested accommodation for it, and was

6  subjected to a hostile work environment; (b) he was retaliated against by being ostracized and

7  exposed to a hostile work environment; (c) he was retaliated against on the basis of

8  disability/perceived disability and age; and (d) he was denied benefits based upon age discrimination.

9                                          **Analysis & Discussion**

10  **A.       Discovery Overview**

11          The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair

12  contest with the basic issues and facts disclosed to the fullest extent possible," United States v.

13  Procter & Gamble, 356 U.S. 677, 78 S. Ct 983, 987 (1958), and to narrow and clarify the issues in

14  dispute, Hickman v. Taylor, 329 U.S. 495, 501, 67 S. Ct. 385, 388 (1947).

15          Fed. R. Civ. P. 26(b) establishes the scope of discovery and states in pertinent part:

16          Parties may obtain discovery regarding any matter, not privileged, that is relevant to

17          the claim or defense of any party, including the existence, description, nature,

18          custody, condition, and location of any books, documents, or other tangible things and

19          the identify and location of persons having knowledge of any discoverable matter.

20          For good cause, the court may order discovery of any matter relevant to the subject

21          matter involved in the action.  Relevant information need not be admissible at trial if

22          the discovery appears reasonably calculated to lead to the discovery of admissible

23          evidence.

24          "The party who resists discovery has the burden to show that discovery should not be

25  allowed, and has the burden of clarifying, explaining, and supporting its objections."  Oakes v.

26  Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998); Nestle Foods Corp. v. Aetna Casualty

27  & Surety Co., 135 F.R.D. 101, 104 (D.N.J. 1990).

28  ///

                                                2

**B.     Request for Production of Documents Standards**

Fed. R. Civ. P. 34(b) requires a written response to a request for production to "state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated."  A party is obliged to produce all specified relevant and nonprivileged documents or other things which are in its "possession, custody or control" on the date specified in the request.  Fed. R. Civ. P. 34(a); Norman Rockwell Int'l Corp. V. H. Wolfe Iron & Metal Co., 576 F. Supp. 511, 512 (W.D. Pa. 1983).  The propounding party may seek an order for further disclosure regarding "any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection requested."  Fed. R. Civ. P. 34(b).  Failure to respond to a Rule 34 request within the time permitted waives all objections, including privilege and work product.  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).

**C.     Requests for Production**

Plaintiff seeks an order compelling the production of documents.  Twenty-one (21) separate document requests are included in the request.  These requests may be grouped into several categories, and will be addressed as such herein.

***1-A.  Requests for Documents Pertaining to Navy EEO Processes and Personnel***

Document Requests 1 through 10 and 17 through 20 (Doc. 52) pertain to Navy EEO administrative processes, the personnel charged with running such processes and the attorneys responsible for representing Defendant, from the highest levels of the Navy down through subordinate layers of Naval administrative units.  The requests are as follows:

> 1.  Produce all investigations (civil and/or criminal), surveys, evaluations, reviews, reports, analyses, estimates, assessments and portrayals of the Equal Employment Opportunity process and organization of the Defendant, and his Naval Air Systems Command, together with its subordinate Division and other Headquarters' and field activities for the period 01/01/1996 to the present.

> 2.  Produce all investigations (civil and/or criminal), surveys, evaluations, reviews, reports, analyses, inquiries, questionnaires, estimates, assessments and portrayals of the activities of the Deputy Assistant Secretary of the Navy for Civilian Personnel and Equal Employment Opportunity, Betty Welch, for the period 01/01/1996 to the present.

///

3

3.  Produce all investigations (civil and/or criminal), concerning the actions of the former Equal Employment Opportunity Office for the Naval Air Systems Command, Vice Admiral Joseph Dyer, for the period 01/01/1996 to the present.

4.  Produce all investigations concerning the actions of the former Equal Employment Opportunity Officer for the Naval Air Warfare Center Weapons Division, Rear Admiral Charles Johnston for the period 01/01/1996 to the present.

5.  Produce all investigations (civil and/or criminal), surveys, evaluations, reviews, reports, analyses, inquiries, questionnaires, estimates, assessments and portrayals of the Deputy Equal Employment Opportunity Office for the Naval Air Systems Command, Mr. Harry Carter for the period 01/01/96 to the present.  This specifically includes Navy Inspector General Report of Investigation; SENIOR OFFICIAL CASE 20000810; ALLEGED ABUSE OF POSITION/COVER-UP BY (redacted) NAVAL AIR SYSTEMS COMMAND, PATUXENT RIVER, MD, dated 30 August 2001 (as Defendant Counsel has previously described as , "a redacted transcript from an unidentified individual for an unidentified proceeding.").

6.  Produce all investigations (civil and/or criminal), surveys, evaluations, reviews, reports, analyses, inquiries, questionnaires, estimates, assessments and portrayals of the Deputy Equal Employment Opportunity officer for the Naval Air Warfare Center Weapons Division, Ms. Arlene Black, for the period 01/01/1996 to the present.

7.  Produce all Equal Employment Opportunity, Merit Protection and/or Whistle Blower Complaints lodge against <u>or by</u> any of the above named senior Equal Employment Opportunity officials for the period 01/01/1996 to the present.

8.  Produce all documents pertaining to the dissolution and reformation/reorganization of the office and organization of the Deputy Equal Employment Opportunity Officer for the Naval Air Warfare Center Weapons Division for the period 01/01/1995 to the present.

9.  Produce all investigations (civil and/or criminal), surveys, evaluations, reviews, analyses, inquiries, questionnaires, estimates, assessments and portrayals pertaining to the conduct and/or dissolution and reformation/reorganization of the office and organization of the Naval Complaints Administration and Review Division (acronym: NAVCARD).

10.  Produce all organization charts for the Deputy Equal Employment Opportunity Officer for the Naval Air Systems Command, together with all reporting requirements (both superior and subordinate), detailed organizational structures, reporting procedures, lines of authority and responsibility, a listing of all periodic requirements at every level of the organization, a listing of all standard and special forms utilized and the names, titles, position descriptions of all individuals employed by, assigned to, or otherwise tasked by the Deputy Equal Employment Opportunity Officer and/or his Office.

17.  Produce all complaints, investigations (civil and/or criminal), surveys, evaluations, reviews, reports, analyses, estimates, assessments and portrayals of, relating to, or concerning Defendant employee Earl Phillips, Director of Defendant's Equal Employment Opportunity Programs Office and/or the Equal Employment Office Programs organization from the period 01/01/1996 to the present.

///

4

18.  Produce all complaints, investigations (civil and/or criminal), surveys, evaluations, reviews, reports, analyses, estimates, assessments and portrayals of, relating to, or concerning the actions of Defendant attorney Leonard Rippey from the period 01/01/1996 to the present.

19.  Produce all complaints, investigations (civil and/or criminal), surveys, evaluations, reviews, reports, analyses, estimates, assessments and portrayals of, relating to, or concerning the actions of any member of Defendant's Office of General Counsel (including all subordinate staff Counsel) relating to any questionable and/or improper involvement in the Equal Employment Opportunity, Merit Protection, or Whistle Blower activities of Defendant employees from the period 01/01/1996 to the present.

20.  Produce all complaints, investigations (civil and/or criminal), surveys, evaluations, reviews, reports, analyses, estimates, assessments and portrayals of, relating to, or concerning the actions of Defendant attorney/EEO staff employee/Agency Representative Tamara Morrison, together with all of Ms. Morrison's position description(s), performance evaluations and complete official personnel file for her entire tenure with the United States Government.

### *1-B.  Defendant's Objections*

Defendant objects to the foregoing document requests on the grounds that they are compound, overbroad, vague and ambiguous, seek information not relevant to the allegations in this case and not reasonably calculated to lead to the discovery of admissible evidence and, finally, that they seek information protected from disclosure by the Privacy Act, 5 U.S.C. § 552(a).  (Doc. 56.)  In addition, as to Plaintiff's eighteenth through twentieth document requests, Defendant asserts the attorney-client and work product privileges.  (Doc. 56.)

### *1-C.  Analysis and Ruling*

The Court finds that the information requested in Plaintiff's first through tenth and seventeenth through eighteenth requests for production of documents is not relevant to the instant complaint and cannot be obtained.  First, the information requested pertains either to the entire Department of the Navy or, even when limited by Plaintiff, to a subset of facilities spanning several Naval facilities beyond the China Lake site where Plaintiff worked.  Such a broad request for production has no basis in law or in the facts alleged in the complaint.  See Rennie v. Dalton, 3 F.3d 1100, 1100 (7th Cir. 1993)(in sex discrimination and retaliation case filed against Navy, discovery was denied as to personnel who worked in different settings); Roger v. Electronic Data Systems, Corp., 155 F.R.D. 537, 540 (E.D.N.C. 1994)(in disparate treatment case, discovery limited to same division in which plaintiff was employed); Prouty v. National Railroad Passenger Corp., 99 F.R.D.

545, 547 (D.D.C. 1983)(in age discrimination matter, discovery limited to the specific department in which plaintiff worked).  Second, the information requested pertains to the Navy's equal employment opportunity administrative process - and the persons charged with running it - generally. It therefore is beyond the scope of evidence that might be relevant or that might otherwise be reasonably calculated to lead to the discovery of relevant evidence and, instead, would pose an undue burden upon Defendant.  Finally, and as to Plaintiff's eighteenth through twentieth document requests, even if some of the information sought were relevant (although the Court finds otherwise) it is protected by the attorney-client privilege. The Court therefore DENIES Plaintiff's first through tenth and seventeenth through twentieth requests for production of documents.

### *2-A.  Requests for Documents Pertaining to Plaintiff*

Document Requests 11 and 15 (Doc. 52) pertain to documents concerning Plaintiff himself. The requests are as follows:

> 11.  Produce all documents, not previously provided, concerning Plaintiff, Plaintiff's Equal Employment Opportunity, Merit Protection and Whistle Blower complaints against Defendant, Defendant employees and naval officers.

> 15.  Produce all documents of the Defendant not previously provided that relate to Plaintiff, Plaintiff's various protected rights, including Plaintiff's various Equal Employment Opportunity, Merit Protection and Whistle Blower complaints, as well as Plaintiff's various Freedom of Information Act requests and requests from United States Senator Dianne Feinstein concerning or related to Plaintiff.

### *2-B.  Defendant's Objections*

Defendant objects to the foregoing document requests on the grounds that they are compound, overbroad, vague and ambiguous, and seek information protected by the attorney-client or work product privilege.  Defendant states, however, that all non-privileged responsive documents have already been produced to Plaintiff.  (Doc. 56.)

### *2-C.  Analysis and Ruling*

At the hearing on Plaintiff's request for production of documents, Plaintiff clarified the intent of his requests for additional documents pertaining to him yet still in the possession of Defendant. According to Plaintiff, there were about twenty-five files on the local hard drive, often known as the "C" drive, of his work computer which pertained to his various complaints against Defendant.

///

6

In essence, it appeared that Plaintiff was keeping track of his EEO proceedings while at work in China Lake.

Computer files are discoverable.  <u>Playboy Enterprises, Inc. v. Welles</u>, 60 F. Supp. 2d 1050, 1053-54 (S.D. Cal. 1999)(information on a hard drive is discoverable).  The Court therefore GRANTS Plaintiff's eleventh and fifteenth requests for production of documents as modified at the hearing by Plaintiff to relate solely and exclusively to files on the local or "C" drive of his work computer.  Defendant is therefore ORDERED to make reasonable, good faith efforts to locate Plaintiff's work-related personal computer and to produce to Plaintiff the contents of the local or "C" drive of such computer to the extent such records pertain to the matters encompassed in Plaintiff's eleventh and fifteenth request for production of documents.

### *3-A.  Requests for Documents Pertaining to "Closing Ranks"*

Document Request 12 (Doc. 52) pertains to an alleged Naval practice termed "closing ranks" by Plaintiff.  The request is as follows:

> 12.  Produce all documents concerning the Defendant's general practice of 'closing ranks' as it applied in Defendant's organization from 01/01/1996 to the present time and specifically the issue of Defendant's 'closing ranks' against Plaintiff.

### *3-B.  Defendant's Objections*

Defendant objects to the foregoing document request on the ground that it is compound, overbroad, and vague and ambiguous.   Defendant states, however, that it is not aware of any responsive documents.  (Doc. 56.)

### *3-C.  Analysis and Ruling*

In light of Plaintiff's representation at the hearing on this matter that the concept of "closing ranks" pertains to the practice of soldiers standing closer to one another when under fire, and in light of Defendant's avowal that it is unaware of any responsive documents, the Court finds that the nature of the information sought in this request for production of documents is simply too vague and ambiguous to require further document review by Defendant.  The Court therefore DENIES Plaintiff's twelfth request for production of documents.

///

///

7

### *4-A.  Requests for Documents Pertaining to All Prior Complaints*

Document Requests 13 and 16 (Doc. 52) pertain to all prior Equal Employment Opportunity, merit Protection and Whistle Blower complaints against the Naval Air Systems Command as well as all complaints relating to a 1999 reduction in force at the Naval Air Warfare Center Weapons Division.  The requests are as follows:

> 13.  Produce a listing of all Equal Employment Opportunity, Merit Protection and Whistle Blower complaints (both formal and informal) lodge against Defendant's Naval Air Systems Command (including all military officers and employees), its subordinate and field activities of any form or kind whatsoever, including identities of complainants, time period, nature of complaint and disposition or current status.

> 16.  Produce all complaints, investigations, surveys, evaluations, reviews, reports, analyses, estimates, assessments and portrayals of, relating to, or concerning the November, 1999 Reduction-in-Force at the Naval Air Warfare Center Weapons Division.

### *4-B.  Defendant's Objections*

Defendant objects to the foregoing document requests on the ground that they are compound, overbroad, vague and ambiguous, seek information not relevant to the allegations in this case and not reasonably calculated to lead to the discovery of admissible evidence and, finally, that they seek information protected from disclosure by the Privacy Act, 5 U.S.C. § 552(a).  (Doc. 56.)

### *4-C.  Analysis and Ruling*

The Court finds that the information sought is overbroad insofar as it encompasses either the entire Naval Air Systems Command and its facilities around the globe (Document Request 13) or the entire Naval Air Warfare Center Weapons Division and its many facilities (Document Request 16) . The Court therefore DENIES plaintiff's thirteenth and sixteenth requests for production of documents.

### *5-A.  Requests for Personnel Files*

Document Requests 14 and 21 (Doc. 52) pertain to the personnel files of potential witnesses in Plaintiff's case.  The requests are as follows:

> 14.  Produce the complete personnel record for Defendant's witness Patricia Hail, together with all other records or investigations of civil and/or criminal acts perpetrated or alleged to have been perpetrated by Ms. Hail during her entire Federal career.

///

21.  Produce all complaints, investigations (civil and/or criminal), surveys, evaluations, reviews, reports, analyses, estimates, assessments and portrayals of, relating to, or concerning the actions of Defendant employees/witnesses Helen Cropper, Karen Haden and former Defendant employee Dr. Douglas Haden.

### *5-B.  Defendant's Objections*

Defendant objects to the foregoing document requests on the ground that  they are compound, overbroad, vague and ambiguous, seek information not relevant to the allegations in this case and not reasonably calculated to lead to the discovery of admissible evidence and, finally, that they seek information protected from disclosure by the Privacy Act, 5 U.S.C. § 552(a).  (Doc. 56.)

### *5-C.  Analysis and Ruling*

Plaintiff averred during the hearing on this matter that defense witness Patricia Hail made a death threat against him in the past.  This information might well be relevant in addressing the credibility of Ms. Hail as a witness.  Plaintiff averred during the hearing that Karen Haden accused him of using inappropriate language at work.  Plaintiff also contended that Karen Haden removed computer equipment from the office, that he reported her conduct, and thereafter he was retaliated against. Plaintiff also averred during the hearing that Karen Haden accused Plaintiff of using inappropriate language at work.  Plaintiff also averred during the hearing that he had reported personal information regarding Helen Cropper to his or her superiors at work.  While Defendant has objected to the disclosure of personnel files under the Privacy Act, the Court notes that a "[f]ederal district court's determination regarding [the] propriety" of disclosing information protected by the Privacy Act "does not turn on privilege analysis, but instead on discovery standards set forth in [the] Federal Rules of Civil Procedure." Wallman v. Tower Air, Inc., 189 F.R.D. 566, 569 (N.D. Cal. 1999)(*citing* Laxalt v. McClatchy, 809 F.2d 885, 888 (D.C. Cir. 1987)).  Wallman concluded that there was "no basis for inferring that the [Privacy Act] replaces the usual discovery standards of the FRCP - in particular, Rules 26 and 45(b) - with a different and higher standard." 189 F.R.D. at 599.

Accordingly, the personnel files of Patricia Hail, Karen Haden, and Helen Cropper - during the period of Plaintiff's employment and *only as they pertain to investigations of their conduct involving Plaintiff* - are relevant and discoverable.  While discoverable, this Court finds good cause - the standard under Rule 45(c) - for the issuance of a protective order vis-a-vis the means of

disclosure of these personnel records.  The Court therefore GRANTS Plaintiff's fourteenth and twenty-first requests for production of documents, the personnel records of Patricia Hail, Helen Cropper and Karen Haden - limited to the time period of Plaintiff's employment and further *specifically limited to any investigations as of their conduct involving Plaintiff.*  In light of the highly speculative rationale for discovery of Dr. Haden's personnel file as described by Plaintiff at the hearing on this matter, the Court DENIES Plaintiff's request for disclosure of Dr. Haden's personnel file.

By way of protective order, the Court further ORDERS that the discoverable records in the personnel files of Patricia Hail, Karen Haden, and Helen Cropper, if they exist, shall be numbered, and redacted to omit confidential personal information such as social security numbers, addresses, family information, health and benefit information, financial information, current employment,  and any other personal identifying information beyond name.  Once redacted, such documents shall be made available by Defendant for inspection and copying by Plaintiff.  Such documents shall not be disseminated or used in any manner outside of these court proceedings.  If a further, more restrictive protective order is requested, the Court will consider a motion requesting the same.

## ORDERS

Based on the foregoing, the Court makes the following orders:

1.      Plaintiff's motion to compel as to Document Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 16, 17, 18, 19 and 20 is DENIED.

2.      Plaintiff's motion to compel as to Document Request Nos. 11 and 15 is GRANTED as limited to relate solely and exclusively to files on the local or "C" drive of Plaintiff's work computer.  Defendant is therefore ORDERED to make reasonable, good faith efforts to locate Plaintiff's work-related personal computer and to produce to Plaintiff the contents of the local or "C" drive of such computer to the extent such records pertain to the matters encompassed in Plaintiff's eleventh and fifteenth request for production of documents.

///

///

3.    Plaintiff's motion to compel as to Document Request Nos. 14 and 21 is DENIED as
to Dr. Douglas Haden but is GRANTED as limited to the personnel records of
Patricia Hail, Karen Haden, and  Helen Cropper during the time period of Plaintiff's
employment with Defendant and as further limited to only those investigations of
their conduct involving Plaintiff.

4.    The Court GRANTS the following PROTECTIVE ORDER regarding the
discoverable records, if any, produced from the personnel files of Patricia Hale, Karen
Haden, and Helen Cropper:

A. Each page of every document produced must be numbered, and redacted to
omit confidential personal information such as social security numbers,
addresses, family information, health and benefit information, financial
information, salary information, current employment,  and any other personal
identifying information beyond name.

B.  Once numbered and redacted, such documents shall be made available by
Defendant for inspection and copying by Plaintiff.

C.  Such documents shall not be disseminated or used in any manner outside
of these court proceedings.

If a further, more restrictive protective order is requested, the Court will consider a
subsequent, duly noticed motion requesting the same.

FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE IMPOSITION OF
SANCTIONS.


IT IS SO ORDERED.

**Dated:    December 14, 2005**             _____/s/ Theresa A. Goldner_____
j6eb3d                                   UNITED STATES MAGISTRATE JUDGE