UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN L. HILL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GORDON R. ENGLAND, Secretary of the Navy,<br><br>　　　　Defendant. | Case No. 1:03-cv-6903 REC TAG<br><br>(Consolidated with 1:04-cv-5598 REC TAG)<br><br>(Related to 1:05-cv-0869 REC TAG)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO CONSOLIDATE CASES<br><br>(Doc. 70) |

　　　　This litigation involves multiple employment discrimination cases in which plaintiff Bryan L. Hill ("Plaintiff") is appearing pro se. The first two cases are: Bryan L. Hill v. England, 1:03-cv-6903 REC TAG ("Hill I" or "Consolidated Hill Action") and Bryan L. Hill v. England, 1:04-cv-5598 REC TAG ("Hill II"). The two cases had been related, and defendant Gordon R. England, Secretary of the Navy ("Defendant") previously filed a motion to consolidate them. (Hill I at Doc. 33). The motion to consolidate the cases was granted by this court. (Hill I at Doc. 39). The court ordered that Bryan L. Hill v. England, 1:03-cv-6903 REC TAG ("Hill I"), be consolidated with Bryan L. Hill v. England, 1:04-cv-5598 REC TAG ("Hill II"), for all purposes as one action, with Bryan L. Hill v. England, 1:03-cv-6903 REC TAG (Hill I or the Consolidated Hill Action), as the lead case number.

　　　　A third case, Bryan L. Hill v. England, 1:05-cv-0869 REC TAG ("Hill III"), was related to the aforementioned cases by order dated August 5, 2005. (Hill III at Doc. 7).

　　　　This court now has pending before it Defendant's motion to consolidate the related matter, Bryan L. Hill v. England, 1:05-cv-0869 REC TAG ("Hill III"), with the Consolidated Hill Action, Bryan L. Hill v. England, 1:03:cv-6903 REC TAG. (Doc. 70). The motion was heard by the court on May 23, 2006 at 10:00 a.m. Plaintiff Bryan L. Hill appeared in person and pro se. Assistant

United States Attorney Kimberly A. Gaab appeared telephonically on behalf of Defendant.  Plaintiff filed a timely opposition to the motion.  (Doc. 73).

Having considered the moving papers and the arguments of Plaintiff and counsel for Defendant, as well as the court's file, the court issues the following order.

## ANALYSIS & DISCUSSION

Federal Rule of Civil Procedure 42(a) governs consolidation of actions and provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The purpose of consolidation is to enhance court efficiency (i.e., to avoid unnecessary duplication of evidence and procedures) and to avoid substantial danger of inconsistent adjudications (i.e., different results because tried before different juries or judges). E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998). Consolidation is permitted as a matter of convenience and economy in administration. Johnson v. Manhattan Ry., 289 U.S. 479, 496-497 (1933). "The threshold issue is whether the two proceedings involve a common party and common issues of fact or law." Seguro de Servicio de Salud v. McAuto Sys. Group, 878 F.2d 5, 8 (1st Cir. 1989). The single essential requirement is questions of law or fact common to the cases to be consolidated. Enterprise Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994).

The decision to consolidate in whole or in part rests in the court's discretion. Investors Research Co. v. United States District Court, 877 F.2d 777 (9th Cir. 1989). "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." Southwest Marine, Inc. v. Triple A Mach. Shop, Inc., 720 F.Supp. 805, 807 (N.D. Cal. 1989). A court "must balance the savings of time and effort gained through consolidation against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions." Rohm & Hass Co. v. Mobil Oil Corp., 525 F.Supp. 1298, 1309 (1981) (citing Continental Bank & Trust Co. v. Platzer, 304 F.Supp. 228, 229-230 (S.D. Tex. 1969).

///

In addressing consolidation, the court has considered:

1. **Risk of delaying trial** – Consolidation may be denied where the cases involved are at different stages of preparedness for trial. Mills v. Beech Aircraft Corp., 886 F.2d 758, 762 (5th Cir. 1989) (two-year gap between filings of cases sought to be consolidated).

On February 17, 2006, an Order Amending Scheduling Conference Order was filed with respect to the Consolidated Hill action. (Doc.69). That Order recognized the pendency of the related Hill III case and contemplated the filing of a motion to consolidate it with the Consolidated Hill Action by March 10, 2006. (Doc. 69). The same Order set trial for March 27, 2007, and consolidation would not appear to create a risk of substantially delaying trial, if at all.

2. **Risk of prejudice and confusion** – The risk of prejudice and confusion to the jury from consolidating separate cases must be weighed against the risk of inconsistent adjudications if they are consolidated. Consorti v. Armstrong World Industries, Inc., 72 F.3d 1003, 1008 (2nd Cir. 1995).

After Hill III was filed, Defendant filed a motion to dismiss it on several grounds, including that certain defendants - Tamara G. Morrison and Arlene B. Black - were not proper parties and that the action itself is duplicative of allegations in the Consolidated Hill Action. (Hill III at Doc. 11). The court dismissed defendants Morrison and Black. (Hill III at Doc.16). With respect to certain allegations in the complaint, as well as to the entire first cause of action in Hill III, the court stated:

> They are to a large extent duplicative of allegations and causes of action in the consolidated Hill action. Although Plaintiff argues that the issues and facts of the two actions are not identical, they are extremely similar. However, rather than dismissing the allegations on this ground, the court concludes that the better resolution will be consolidation of the duplicative allegations with the allegations in the Consolidated Hill Action. Therefore, the court orders the parties to go before Magistrate Judge Goldner for further proceedings concerning consolidation of the duplicative allegations and the First Cause of Action with the Consolidated Hill Action.

(Hill III at Doc. 16, pp. 8-9). While the above-quoted paragraph refers to allegations in Hill III that duplicate those in the Consolidated Hill Action, the court also instructed the parties to bring before Magistrate Judge Goldner consolidation of all three actions. (Hill III at Doc. 16, p 9 n.1).

The court finds that the Consolidated Hill Action and Hill III pertain to the same nucleus of operative facts vis-a-vis a series of actions allegedly taken against Plaintiff by Defendant. The cases

are substantially similar and involve related causes of action and many identical factual allegations. (<u>Compare</u> Consolidated <u>Hill</u> Action at Doc. 44, pp. 2-18 <u>with</u> <u>Hill</u> III at Doc.1, pp. 2-15). Accordingly, significant duplication with potentially inconsistent results could occur if the cases are not consolidated.

As an additional allegation of prejudice, Plaintiff asserts that consolidation would reduce the available damages cap by 50 percent. (Doc. 73, p. 6). This is so, according to Plaintiff, because of the $300,000 cap on certain compensatory damages imposed on Title VII claims against employers with more than 500 employees. <u>See</u> 42 U.S.C. § 1981a(b)(3) (capping awards for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and the mount of punitive damages"). However, given that Plaintiff's claims in his several lawsuits arise out of the same nucleus of operative facts, the Court finds that a single damages cap would apply regardless of the number of suits filed by Plaintiff. Addressing such a prospect of double recovery, the court in <u>Galliher v. Rubin</u>, 969 F. Supp. 1329 (S.D. Ga. 1997), held as follows:

> "The purpose of Title VII relief is to 'make whole' victims of unlawful discrimination." . . . [D]amages awards under Title VII should not result in a "windfall" or "double recovery" to the plaintiff. . . .
>
> It follows, then, that a "windfall" or "double recovery" likewise is inappropriate under § 1981a. If the Court were to hold that [plaintiff] may recover up to $300,000 in compensatory damages in each of her actions, a "double recovery" would result. [Plaintiff] cannot expect the Court to believe that the emotional pain and suffering that she claims to have endured due to Defendant's alleged acts of retaliation is separate and distinct from the emotional pain and suffering that she claims to have endured due to her wrongful discharge. . . .
>
> The conclusion that [plaintiff] is entitled to receive only one award for compensatory damages is further supported by policy reasons . . . . Certainly, a plaintiff who chooses to set forth all of his or her bases for discrimination prohibited by Title VII in one action is entitled to receive the same amount of damages as a plaintiff who brings separate actions . . . . Ultimately, judicial economy and efficiency would be undermined if the Court were to adopt [plaintiff's] interpretation of the damages cap.

<u>Galliher</u>, 969 F. Supp at 1331 (citations omitted). <u>See</u> <u>Krahel v. Owens-Brockway Glass Container, Inc.</u>, 971 F. Supp. 440, 455 (D. Or. 1997)(rejecting plaintiff's claim that she should be allowed to

4

recover a $300,000 capped amount for her underlying Title VII claim and an additional $300,000 capped amount for defendant's illegal retaliation against her filing of such a claim, the district court held that "[p]laintiff may not recover twice from [a defendant] for the alleged violations of Title VII").

      3.  **Burden on parties, witnesses and available judicial resources** – Added time will be required in trying multiple lawsuits consolidated for trial, with greater inconvenience and expense to all concerned.  Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2nd Cir. 1990).

      Here, Plaintiff's complaint in Hill III simply adds a few additional facts to those already set forth in the Consolidated Hill Action.  For example, both Hill III and the Consolidated Hill Action include claims of retaliation in violation of Title VII of the Civil Rights Act.  Compare Hill III, Doc. 1, pp. 18-20 with Consolidated Hill Action, Doc. 44, pp. 20-22.  Much of the language in the two complaints is the same.  Hill III simply adds certain facts not included in the Consolidated Hill Action.  Allowing these few additional facts - all of which arise out of the same nucleus of operative facts - to be tried in an entirely separate proceeding would be a gross burden on the parties, witnesses and judicial resources.  Therefore, in the interest of judicial economy, the Court concludes that the two subject cases should be consolidated.  The parties, facts, and legal arguments are, or will be, the same, similar or related in both actions.  The Consolidated Hill Action and Hill III are therefore substantially similar, and, if the cases are not consolidated, there will be a significant overlap of testimony and facts.  Consolidation is warranted due to the burden on the parties, witnesses and, in particular, available judicial resources.

## CONCLUSION

Based on the foregoing it is HEREBY ORDERED that,

1. Defendant's motion to consolidate cases (Consolidated Hill Action, Doc. 70) is GRANTED.

2. Bryan L. Hill v. England, 1:03-cv-6903 REC TAG (previously consolidated with Bryan L. Hill v. England, 1:04-cv-5598 REC TAG) is further consolidated with Bryan L. Hill v. England, 1:05-cv-0869 REC TAG for all purposes as one action, with Bryan L. Hill v. England, 1:03-cv-6903 REC TAG, as the lead case number.  The cases are

consolidated on the grounds that they arise out of the same set of facts, and consolidation will promote efficiency and convenience and will avoid unnecessary costs, and duplication and delay.

3. The originals of all papers for <u>Bryan L. Hill v. England</u>, 1:05-cv-0869 REC TAG, shall be filed in <u>Bryan L. Hill v. England</u>, 1:03-cv-6903 REC TAG, and all papers shall bear the title <u>Bryan L. Hill v. England</u>, 1:03-cv-6903 REC TAG. The clerk of this court is directed to file a copy of this order in <u>Bryan L. Hill v. England</u>, 1:05-cv-0869 REC TAG. No further papers shall be filed in <u>Bryan L. Hill v. England</u>, 1:05-cv-0869 REC TAG.

4. Plaintiff, on or before **June 15, 2006**, shall file a Third Amended Complaint in the consolidated case, including all of his allegations in one pleading, so that there will be one operative complaint in this action.

5. Plaintiff is again advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

IT IS SO ORDERED.

Dated:   **May 24, 2006**              /s/ Theresa A. Goldner
j6eb3d                                 UNITED STATES MAGISTRATE JUDGE