**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRYAN HILL,<br><br>        Plaintiff,<br><br>   vs.<br><br>GORDON R. ENGLAND, Secretary of the Navy,<br><br>        Defendant.<br>_____/ | CASE NO. CV F 03-6903 LJO TAG<br><br>**ORDER ON PLAINTIFF'S EX PARTE REQUEST TO EXTEND DEADLINE TO OPPOSE SUMMARY JUDGMENT/ADJUDICATION MOTION**<br>(Doc. 105.) |

**INTRODUCTION**

In this age discrimination and related action, plaintiff Bryan Hill ("Mr. Hill") belatedly seeks ex parte relief to extend the October 18, 2007 deadline to file and serve papers to oppose the summary judgment/adjudication motion of defendant Gordon R. England, Secretary of Navy.[1] After consideration of Mr. Hill's papers and the record, this Court DENIES Mr. Hill's ex parte request to extend the summary judgment/adjudication opposition deadline.

**BACKGROUND**

On October 1, 2007, the Navy filed and served its summary judgment/adjudication papers and set a November 1, 2007 hearing. Under this Court's Local Rule 78-230(c), October 18, 2007 was the deadline to file and serve opposition papers. After this Court received no timely opposition, this Court

---

[1] For ease and convenience, defendant Gordon R. England, Secretary of the Navy, will be referred to as the "Navy."

issued its October 22, 2007 decision to grant the Navy summary judgment and to vacate the November 1, 2007 hearing, pursuant to Local Rule 78-230(c), (h).  The clerk entered judgment in favor of the Navy and against Mr. Hill.  After the decision and judgment were filed and served, Mr. Hill filed on October 22, 2007 his ex parte request to extend the summary judgment/adjudication deadline to October 31, 2007.  Mr. Hill acknowledges that he made the request "without prior conferral with opposing counsel."

Mr. Hill seeks an extension on grounds that: (1) he received the Navy's moving papers on October 3, 2007 and "was unable to develop and submit the substantive documentation required to meet the submission deadline"; (2) Mr. Hill did not anticipate a summary judgment/adjudication motion given that he had filed a motion to compel;[2] (3) Mr. Hill had an unspecified September 24, 2007 surgery "of a serious nature"; and (4) in August 2007, the Navy produced more than 100 pounds of discoverable documents.

## DISCUSSION

### Improper Attempt At Ex Parte Relief

This Court's Local Rule 78-230(c) sets the deadline for motion opposition papers: "Opposition, if any, to the granting of the motion shall be in writing and shall be filed with the Clerk not less than fourteen (14) days preceding the noticed (or continued) hearing date."  The Navy set a November 1, 2007 hearing date to render October 18, 2007 the deadline for Mr. Hill's opposition papers.

F.R.Civ.P. 6(b) addresses enlargement of deadlines:

> When by these rules or by a notice given thereunder . . . an act is required or allowed to be done at or within a specified time, the court for good cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed . . ., or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . .

In *North Umberland Mining Co. v. Standard Acc. Ins. Co.*, 193 F.2d 951 (9th Cir. 1952), the Ninth Circuit Court of Appeals addressed a motion for an extension to appeal and which was filed after the 30-day deadline to appeal.  The Ninth Circuit explained:

> Had the request for enlargement of the time been made before the expiration of that

---

[2] With her October 12, 2007 order, United States Magistrate Judge Theresa Goldner dropped Mr. Hill's motion to compel from the calendar due to his failure to comply with Local Rule 37-251.

> period the court would have been empowered to order the enlargement 'with or without motion or notice.' But since it was made after the expiration of the period, that is to say at a time when the movant was already in default, the court was without authority to act ex parte; it might proceed only upon motion and after notice of hearing served on the party or parties affected. Such is the unmistakable import of Rule 6(b) and (d); and there is nothing anywhere in the Rules or in the nature of the proceeding itself suggestive of a contrary interpretation.

*North Umberland*, 193 F.3d at 951.

The United States Supreme Court has noted that "although extensions before expiration of the time period may be 'with or without motion or notice,' any *post*deadline extension must be 'upon motion made.'" *Lujan v. National Wildlife Federation*, 497 U.S. 871, 896, 110 S.Ct. 3177 (1990) (italics in original).

Mr. Hill violates F.R.Civ.P. 6(b) and improperly seeks ex parte a postdeadline extension without a noticed hearing. As such, his extension request is defective.

Moreover, Mr. Hill failed to comply with this Court's Local Rule 6-144(e) for ex parte applications to shorten time and which provides:

> Applications to shorten time shall set forth by affidavit . . . the circumstances claimed to justify the issuance of an order shortening time. <u>Ex parte</u> applications to shorten time will not be granted except upon affidavit . . . showing a satisfactory explanation for the need for the issuance of such an order and for the failure . . . to obtain a stipulation for the issuance of such an order from other counsel or parties in the action.

Mr. Hill's papers merely attempt to explain failure to file timely opposition papers. There is no evidence that Mr. Hill attempted to obtain a stipulation for requested relief on an expedited basis and in fact, Mr. Hill admits that he did not attempt to confer with defense counsel. Mr. Hill ignored and disobeyed basic requirements to seek his requested relief.

## **Absence Of Good Cause**

An "extension of a time limitation must be 'for good cause shown.'" *Lujan*, 497 U.S. at 896, 110 S.Ct. 3177. A postdeadline extension "is permissible only where the failure to meet the deadline 'was the result of excusable neglect.'" *Lujan*, 497 U.S. at 896, 110 S.Ct. 3177. After the time has run to respond, a court may permit a response "where the failure to act was the result of excusable neglect." *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981) (citing F.R.Civ.P. 6(b)(2).

Excusable neglect under F.R.Civ.P. 6(b)(2) requires "a demonstration of good faith by the parties

seeking the enlargement . . . [and] a reasonable basis for not complying within the specified period." *In re Four Seasons Securities Laws Litigation*, 493 F.2d 1288, 1290 (10th Cir. 1974). A solo practitioner's "busy practice" and preparation of other cases does not establish excusable neglect under F.R.Civ.P. 6(b)(2). *McLaughlin*, 662 F.2d at 1387 (denial of request for additional time to oppose summary judgment filed four days late "was not an abuse of discretion"); *see Marquee Television Network v. Early*, 713 F.2d 837 (D.C. Cir. 1983) (sole practitioner's involvement in a criminal matter, full teaching load and financial inability to secure assistance did not excuse failure to file brief, respond to order to show cause or timely seek extension). Lack of an acceptable explanation for failure to act earlier warrants denial of F.R.Civ.P. 6(b) relief. *See Wesolek v. Canadair Limited*, 838 F.2d 55, 58 (2nd Cir. 1988) (court properly denied extension to object to magistrate judge's findings and recommendations given counsel's knowledge of need to object and despite counsel's absence and attention to other motions and proceedings). Moreover, "inattention or carelessness, such as a failure to consult or abide by an unambiguous court procedural rule, normally does not constitute 'excusable neglect.'" *Dimmitt v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005). "[I]nadvertence, ignorance of the rules, or mistakes concerning construing the rules do not usually constitute 'excusable neglect.'" *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 392, 113 S.Ct. 1489 (1993).

    Here, Mr. Hill premises requested relief on the purported need of more than two weeks to oppose summary judgment/adjudication. Mr. Hill references an unspecified surgery but fails to explain its import. The above authorities demonstrate an absence of Mr. Hill's excusable neglect to warrant an extension to oppose the Navy's straightforward summary judgment/adjudication motion. The Navy's moving papers are neither voluminous nor complex. Mr. Hill's papers evidence neither good faith nor reasonable failure to comply with deadlines to file opposition papers or to seek an extension. Mr. Hill's papers reflect that he was well aware of the Navy's pending summary judgment motion and chose to ignore, or at a minimun chose to delay addressing, the motion until after opposition papers were due. Despite having time and ability to do so, Mr. Hill failed timely to request either defense counsel or this Court for an extension. Mr. Hill has demonstrated ignorance or disobedience of this Court's rules and process for which he should not be rewarded. Mr. Hill's conduct is not mere negligence in that the

record reflects that he cavalierly elected by intent or culpable ignorance to allow the opposition deadline to pass with inaction.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES Mr. Hill's request for an extension to oppose the Navy's summary judgment/adjudication motion.

IT IS SO ORDERED.

**Dated:   October 23, 2007**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE